# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1421

Donald R. Wells, class representative on behalf
of himself and others similarly situated,
Appellant,

vs.

Holiday Companies, Inc., et al.,
Respondents.

**Filed April 20, 2015**
**Affirmed**
**Kirk, Judge**

Hennepin County District Court
File No. 27-CV-12-3266

Clayton D. Halunen, Susan M. Coler, Halunen & Associates, Minneapolis, Minnesota (for appellant)

Charles F. Webber, Aaron D. Van Oort, Ryan J. Long, Faegre Baker Daniels LLP, Minneapolis, Minnesota (for respondents)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Hooten, Judge.

## S Y L L A B U S

A car-wash code that a gas station provides on a receipt when the customer purchases a certain type of car wash does not satisfy the definition of "gift certificate" under Minn. Stat. § 325G.53, subd. 1(a) (2014).

**O P I N I O N**

**KIRK**, Judge

Appellant challenges the summary-judgment dismissal of this purported class-action lawsuit alleging that respondents violated Minn. Stat. § 325G.53 (2014) by issuing car-wash codes that expire. Because we conclude that the receipt containing a car-wash code that appellant received when he purchased a car wash is not a "gift certificate" under Minn. Stat. § 325G.53, subd. 1(a), we affirm the district court's grant of summary judgment to respondents.

**FACTS**

The facts in this case are undisputed. On January 30, 2012, appellant Donald R. Wells purchased gas and a car wash at a Holiday Stationstore in Blaine, which is a fuel-and-convenience store operated or franchised by respondent Holiday Companies, Inc. Wells paid $7.99 for the car wash and received a receipt that stated "Car Wash: $7.99." The receipt further stated "Car Wash Code: 832370" and "Car Wash Good for 30 Days." Wells never attempted to use the car-wash code provided on the receipt.

In February, Wells filed a complaint against respondents Holiday Companies, Inc., Holiday Stationstores, Inc., and Does 1 through 50 (collectively, Holiday) on behalf of himself and others similarly situated, alleging that Holiday's practice of selling car-wash codes that include expiration dates violates Minn. Stat. § 325G.53 because the receipt containing a car-wash code is a "gift certificate" as defined by the statute. Minn. Stat. § 325G.53, subd. 2, provides that "[i]t is unlawful for any person or entity to sell a gift

2

certificate that is subject to an expiration date or a service fee of any kind, including, but not limited to, a service fee for dormancy." The statute defines "gift certificate" as:

> [A] tangible record evidencing a promise, made for consideration, by the seller or issuer of the record that goods or services will be provided to the owner of the record to the value shown in the record and includes, but is not limited to, a gift card, stored-value card, store card, or a similar record or card that contains a microprocessor chip, magnetic stripe, or other means for the storage of information, and for which the value is decreased upon each use.

Minn. Stat. § 325G.53, subd. 1(a).

Holiday moved to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that the car-wash code that Holiday provides to a customer who purchases a car wash does not constitute a "gift certificate" under Minn. Stat. § 325G.53, subd. 1(a). In June, the district court granted Holiday's motion and dismissed Wells's complaint with prejudice, concluding that Wells's receipt containing the car-wash code was not a gift certificate and therefore the expiration date on the receipt did not violate Minn. Stat. § 325G.53, subd. 2. The court administrator entered judgment for Holiday.

Wells appealed, and this court reversed the district court's order and remanded for further proceedings. *Wells v. Holiday Cos., Inc.*, No. A12-1476, 2013 WL 777384 (Minn. App. Mar. 4, 2013), *review denied* (Minn. May 21, 2013). Because this court concluded that the definition of "gift certificate" as provided in Minn. Stat. § 325G.53, subd. 1(a), was unambiguous, we analyzed the plain language of the statute to determine whether the receipt containing the car-wash code satisfied the statutory definition of a

3

"gift certificate." *Id.* at \*2-3. This court assumed without deciding that the word "value" in the statute was limited to monetary value and found "it reasonable to infer from the complaint and the receipt that the promise is for a car wash valued at $7.99 when the service is provided, fulfilling the requirement that the car-wash receipt promises to deliver services to the value shown in the record." *Id.* at \*3. Thus, this court concluded that based on the limited record that it could consider in the context of a motion to dismiss under Minn. R. Civ. P. 12.02(e), "Wells's complaint is sufficient to support a claim that Holiday's car-wash receipts are gift certificates subject to the statutory prohibition on expiration dates and that the district court erred by dismissing the complaint for failure to state a claim on which relief can be granted." *Id.* at \*4.

On remand, Wells and Holiday engaged in discovery. Wells and several Holiday corporate employees gave depositions, which revealed the following additional information about Holiday's car-wash system. Customers at Holiday Stationstores may purchase a car wash at the gas pump with a gas purchase, inside the store with or without a gas purchase, or from the code box at the entrance to the car wash. The customer can choose from four different types of car wash: basic, deluxe, works, and works plus. Each type of car wash is priced differently based on where the customer purchases it and whether or not the customer also purchases gas. When a Holiday customer purchases a car wash at the gas pump, the point-of-sale system communicates with the POS 4000 car-wash controller, which assigns a car-wash code associated with the type of car-wash package selected and prints the code on the customer's receipt. The customer then drives his or her car to the entrance to the car wash, enters the code on the code box located at

4

the entrance of the car wash, and the car wash activates to provide the type of car wash that the customer purchased.

Although the car-wash code provided on a customer's receipt expires after 30 days, Holiday has a policy of either providing a customer with a new code after the original unused code expires or refunding the amount that the customer paid for the car wash. This policy is not written or communicated to the customer, but Holiday trains its employees to apply this policy when a customer comes in to a store with an expired, unused car-wash code. According to the director of support services at Holiday, Holiday's car-wash codes expire after 30 days in order to prevent a practice called "jackpotting," which is when an individual randomly punches numbers into the code box to try to obtain a free car wash.

In March 2014, Holiday moved for summary judgment. The district court granted Holiday's motion, concluding that the receipt containing the car-wash code that Wells received when he purchased a car wash was not a gift certificate under Minn. Stat. § 325G.53, subd. 1(a). Court administration entered judgment for Holiday. This appeal follows.

**ISSUE**

Did the district court err by concluding as a matter of law that the receipt containing a car-wash code that Wells received when he purchased a car wash was not a gift certificate under Minn. Stat. § 325G.53, subd. 1(a)?

## ANALYSIS

Summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, this court reviews "whether there are any genuine issues of material fact and whether the district court erred in its application of the law." *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002). When, as in this case, the "district court grants summary judgment after applying the law to undisputed facts, we review the legal conclusion de novo." *Westrom v. Minn. Dep't of Labor & Indus.*, 686 N.W.2d 27, 32 (Minn. 2004). We must "view the evidence in the light most favorable to the party against whom summary judgment was granted." *Id.*

In granting Holiday's motion for summary judgment, the district court found that Wells's receipt containing the car-wash code met several elements of the statutory definition of a gift certificate. The district court concluded that the receipt is a tangible record that evidences a promise for a car wash, and Wells paid $7.99 in consideration for the car wash. The district court also concluded that the car-wash receipt fits within the non-exhaustive list provided in the statutory definition because it is a means for storage of information. In addition, the value of the car-wash receipt decreases upon each use because once the car-wash code is redeemed, the value decreases to zero. But the district court found that the receipt does not satisfy the "to the value shown in the record" element. The district court stated that it interpreted "value" to mean "cash value,"

6

explaining that "[t]he very purpose of a gift certificate is to store a certain cash value to make future purchases, which is the plain meaning of 'the value shown in the record.'"

On appeal, the parties agree that the only element of the gift certificate definition in dispute is the "to the value shown in the record" element. Specifically, they dispute the meaning of the word "value," which is not defined in Minn. Stat. § 325G.53. If a statute is unambiguous, appellate courts apply the plain meaning of the statute's language. *Cnty. of Dakota v. Cameron*, 839 N.W.2d 700, 705 (Minn. 2013). "[W]e give words and phrases their plain and ordinary meaning." *Id.* (quotation omitted); *see also* Minn. Stat. § 645.08(1) (2014) ("[W]ords and phrases are construed according to rules of grammar and according to their common and approved usage . . . ."). In analyzing the plain and ordinary meaning of a statute's words and phrases, appellate courts may consider the dictionary definition of those words and phrases. *See State v. Carufel*, 783 N.W.2d 539, 542 (Minn. 2010). We also "read a particular provision in context with other provisions of the same statute in order to determine the meaning of the particular provision." *IHLC of Eagan, LLC v. Cnty. of Dakota*, 693 N.W.2d 412, 419 (Minn. 2005).

Wells argues that the word "value" as it is used in the definition of "gift certificate" provided by Minn. Stat. § 325G.53, subd. 1(a), is not limited to cash value, but instead includes monetary and non-monetary value. In support of his argument, Wells cites the definitions of "value" provided in several dictionaries, which he argues defines value in terms of money, goods, and services. *See, e.g.*, *The American Heritage Dictionary* 1913 (5th ed. 2011) (defining "value" as "[a]n amount, as of goods, services,

or money, considered to be a fair and suitable equivalent for something else; a fair price or return").

In contrast, Holiday contends that "value" must be defined in the context of Minn. Stat. § 325G.53 in its entirety. Because the statute specifically addresses gift certificates, Holiday argues that the common meaning of "value" in that context is cash value. Holiday points to the dictionary definition of "gift certificate" in support of its argument that "value" in the context of gift certificates means cash value. *See, e.g.*, *The American Heritage Dictionary* 742 (5th ed. 2011) (defining "gift certificate" as "[a] certificate worth a specified amount of money, given as a gift to be redeemed at a particular store or business"). In his reply brief, Wells concedes that it is relevant to consider the context in which "value" appears in the statute, but contends that Holiday improperly relies upon the dictionary definition of "gift certificate." Wells contends that, because "gift certificate" is defined in the statute, this court must only consider that definition and we cannot look to the dictionary definition of the term.

Wells is correct that because the legislature defined "gift certificate" in Minn. Stat. § 325G.53—the very definition at issue in this case—this court would not ordinarily rely on a dictionary definition to define that term. But the issue in this case is the meaning of "value" within the definition of "gift certificate." In order to analyze the plain and ordinary meaning of "value" in the context of gift certificates, it is relevant for us to consider how value is used in the dictionary definition of "gift certificate." Thus, it is helpful to know that the dictionary definition of that term interprets the value of a gift certificate in terms of monetary value. *See id.*

Holiday further argues that Wells's interpretation of "value" renders the words "to the value shown in the record" in the statute superfluous. Holiday contends that if the legislature intended that the good or service itself is "the value shown in the record," then it would have provided in the definition of a gift certificate that all that is required is a record promising to provide goods or services. Holiday argues that for the phrase "to the value shown in the record" to have meaning, it must be interpreted to mean the cash value to which the seller of the gift certificate is promising to provide goods or services. *See* Minn. Stat. § 645.16 (2014) ("Every law shall be construed, if possible, to give effect to all its provisions."). We agree. If the legislature intended the definition of a gift certificate to include a tangible record promising that a certain good or service would be provided to the holder of the record, then it would not have been necessary for the legislature to include the phrase "to the value shown in the record." The fact that the legislature did include that phrase in the definition indicates that it intended the definition of a gift certificate to be limited to records that promise that goods or services will be provided to the cash value shown in the record. *See id.*

In his reply brief, Wells asserts that he is not arguing that the good or service is itself "the value shown in the record," but rather that goods or services have a value that may be expressed in monetary or non-monetary terms, or both. Wells contends that, for example, a seller's certificate for five one-scoop ice cream cones would satisfy the definition of a gift certificate because the seller provided a record that goods or services (five one-scoop ice cream cones) will be provided to the owner of the record to the value shown in the record (five one-scoop ice cream cones). There is no monetary value to the

9

certificate in Wells's example, but it has a nonmonetary value (five one-scoop ice cream cones). We are not persuaded by Wells's argument because the issue in this case is the plain and ordinary meaning of "value" in the context of a statute regulating expiration dates on gift certificates. In that context, the plain and ordinary meaning of "value" is "cash value."

Here, the record establishes that the receipt containing the car-wash code that Holiday provides to a customer who purchases a car wash is only redeemable for the particular type of car wash that the customer purchased. The car-wash code itself does not have any cash value because the customer cannot redeem it for another product from Holiday using the amount that the customer paid for the car wash. However, the customer can redeem the car-wash code for the type of car wash purchased no matter what the current price is for that type of car wash. If the price of the type of car wash the customer purchased increases or decreases, the customer can still redeem the car-wash code for that type of car wash without paying more or receiving a refund for the difference in price. The $7.99 that Wells paid to Holiday for the basic car wash was consideration for the car wash, not $7.99 in value that he could use to purchase a car wash or another good or service from Holiday. The existence of Holiday's internal policy of refunding the amount paid for an unused, expired car-wash code at a customer's request does not give the car-wash code monetary value. In that situation, the customer can recoup the amount that he or she paid for a car wash (for example, $7.99), but he or she still cannot use the code to purchase a different good or service from Holiday. Thus,

the receipt containing the car-wash code that Wells received when he purchased a car wash is not a gift certificate under Minn. Stat. § 325G.53, subd. 1(a).

The fact that Wells paid sales tax for his car-wash purchase supports the conclusion that he purchased a specific service, not a gift certificate. A sales-use and excise-tax accounting employee at Holiday testified that Holiday imposes sales tax when a customer purchases a car wash because a car wash is a taxable service. In contrast, Holiday does not charge sales tax when a customer purchases a gift certificate because the good or service ultimately purchased with the cash value on the gift certificate may or may not be taxable. Holiday cannot determine whether to charge sales tax until the holder of the gift certificate actually purchases a good or service with the cash value that is stored on the gift certificate.

## D E C I S I O N

Because the receipt containing the car-wash code that Wells received when he purchased a car wash is not a gift certificate under Minn. Stat. § 325G.53, subd. 1(a), Holiday did not violate Minn. Stat. § 325G.53, subd. 2, by including an expiration date for the car-wash code on the receipt. Therefore, the district court did not err by granting summary judgment to Holiday.

**Affirmed.**

11