STATE of Minnesota, Appellant,

v.

Athena Mae SAGATAW, Respondent.

A16-0773

Court of Appeals of Minnesota.

Filed March 6, 2017

Mille Lacs County District Court, File No. 48-CR-14-1042

Lori Swanson, Attorney General, St. Paul, Minnesota; and Joe Walsh, Mille Lacs County Attorney, Kali A. Gardner, Assistant County Attorney, Milaca, Minnesota (for appellant).

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for respondent).

Considered and decided by Bratvold, Presiding Judge; Worke, Judge; and Stauber, Judge.

## OPINION

BRATVOLD, Judge

The state challenges a district court's order that dismissed probation revocation proceedings after the district court concluded it lacked jurisdiction because the revocation hearing was conducted after respondent's stayed sentence had expired. Because probation revocation proceedings against respondent were properly and timely initiated, the district court had jurisdiction to conduct a revocation hearing. We therefore conclude that the district court erred in dismissing the revocation proceedings and discharging respondent from probation; thus, we reverse and remand.

## FACTS

On December 30, 2014, respondent Athena Sagataw pleaded guilty to theft under Minn. Stat. § 609.52, subd. 2(a)(1) (2014). The district court accepted Sagataw's plea and stayed execution of her sentence for one year. The stay included conditions, specifically, to remain law abiding.

Sagataw was convicted of four new theft offenses that occurred during the term of her stayed sentence. On November 5, 2015, probation filed a violation report. The district court issued an order and summons, revoking Sagataw's stayed sen-

tence and ordering her to appear for a hearing.

Sagataw failed to appear for the hearing and a warrant was issued for her arrest. Sagataw's sentence expired on December 31, 2015. The warrant was eventually quashed, and Sagataw made a first appearance on January 19, 2016, at which she denied the violation. The district court released Sagataw on bail.

At Sagataw's contested revocation hearing on April 27, 2016, she admitted to the violation and the district court found that she knowingly and voluntarily waived her right to a contested hearing. The state and defense disagreed about how the district court should address the admitted violation. The state asked for execution of the stayed sentence. The defense requested that the district court order Sagataw to serve 15 days in jail concurrent with time she would be serving on one of the new theft convictions.

The district court asked whether Sagataw's probation had been extended. The state responded that because the probation violation report was submitted before Sagataw's stayed sentence expired, and because Sagataw was in "continuing violation of a condition and fail[ed] to appear at a court hearing," she remained on probation and the district court retained jurisdiction. The district court disagreed: "The Court doesn't have jurisdiction to impose a sentence here if there was no extended probation for whatever reason. She was sentenced on December 30, 2014, for a year only. It's now 2016, and we're just addressing this issue now." The district court dismissed revocation proceedings and discharged Sagataw from probation.

The state appeals pursuant to Minn. R. Crim. P. 27.04, subd. 3(4)(b), which permits the defendant or the prosecutor to appeal a revocation decision.

## ISSUE

Did the district court err in dismissing probation revocation proceedings for lack of jurisdiction when the revocation hearing was conducted after the expiration of the defendant's stayed sentence but the state properly and timely initiated proceedings?

## ANALYSIS

We must decide whether a district court had jurisdiction to conduct probation revocation proceedings after a defendant's stayed sentence expired. This issue involves the interpretation of Minn. Stat. § 609.14 (2014) and Minn. R. Crim. P. 27.04, which raises questions of law subject to de novo review. *State v. Myhre*, 875 N.W.2d 799, 803 (Minn. 2016) (procedural rules); *State v. Jones*, 869 N.W.2d 24, 26 (Minn. 2015) (statute). We also review jurisdictional issues de novo. *State v. Irby*, 848 N.W.2d 515, 517–18 (Minn. 2014).

In interpreting a statute, we seek to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2014); *State v. Bakken*, 883 N.W.2d 264, 267 (Minn. 2016). "When the text of the law is unambiguous," the plain meaning of the text is controlling. *State v. Barrientos*, 837 N.W.2d 294, 298 (Minn. 2013) (citing Minn. Stat. § 645.16); *see also In re Welfare of G.L.H.*, 614 N.W.2d 718, 720–21 (Minn. 2000) (using plain language interpretation when comparing statute and a rule of criminal procedure). This court "read[s] a particular provision in context with other provisions of the same statute in order to determine the meaning of the particular provision." *Wells v. Holiday Cos.*, 862 N.W.2d 492, 496 (Minn. App. 2015) (quotation omitted), *review denied* (Minn. June 30, 2015).

The district court concluded that it lost jurisdiction to conduct revocation proceed-

ings because Sagataw's stayed sentence had expired. The state argues this was error because Sagataw's probation revocation proceedings were initiated within the period of the stayed sentence. Minn. Stat. § 609.14, subd. 1(b). On appeal, Sagataw concedes that the district court "retained jurisdiction," but argues that it was within the district court's discretion to dismiss the proceedings and discharge her from probation.

When read together, section 609.14 and rule 27.04 provide a four-step process for probation revocation proceedings and impose timing limitations. First, probable cause must show that a defendant committed a probation violation "during the term of the stay." Minn. Stat. § 609.14, subd. 1 (b); Minn. R. Crim. P. 27.04, subd. 1. Second, revocation proceedings must be initiated by notice to the defendant, either by warrant or summons, "at any time within six months after the expiration of the stay." Minn. Stat. § 609.14, subd. 1(b); *see also id.*, subd. 2; Minn. R. Crim. P. 27.04, subd. 1. Third, a defendant is entitled to a first appearance on the alleged probation violation, at which a defendant's rights are discussed, counsel may be appointed, and conditions of release are determined. Minn. R. Crim. P. 27.04, subd. 2.

Fourth, once revocation proceedings have been properly and timely initiated, section 609.14 broadly authorizes a district court to conduct a revocation hearing "after the expiration of the stay or after the six-month period" following expiration of the stay. Minn. Stat. § 609.14, subd. 1(c). A revocation hearing "must be held within a reasonable time." *Id.* subd. 2(4)(a). If the defendant is in custody, the hearing must be conducted within seven days. *Id.*, subd. 2(4)(b). The rules offer no additional guidance about what is a "reasonable time" if the defendant has been released.

■ In Sagataw's case, the parties agree that the state properly and timely initiated revocation proceedings and followed three of the four steps outlined above. The district court questioned its jurisdiction based on the timing of the fourth step because Sagataw's revocation hearing occurred after her stayed sentence had expired. Under the plain language of section 609.14, subd. 1(c), the district court may conduct a probation revocation hearing after the expiration of the sentence. Sagataw's contested hearing was held on April 27, 2016, within six months after her stayed sentence expired. Sagataw does not contest whether the hearing was conducted within a reasonable time. Consequently, we hold that the district court had jurisdiction to conduct Sagataw's revocation hearing because the state properly and timely initiated probation revocation proceedings.

We note that several decisions from this court previously held that a district court did not have jurisdiction to revoke probation after expiration of a defendant's stayed sentence. *See, e.g., State v. Whitfield*, 483 N.W.2d 102, 104 (Minn. App. 1992) (holding district court exceeded its jurisdiction in revoking probation after defendant's stayed sentence had expired); *see also In re Welfare of V.D.M.*, 623 N.W.2d 277, 280 (Minn. App. 2001) (noting *Whitfield* and other cases "have been superceded by a change in the law extending the time to revoke probation *past* the expiration of the stay of probation if proceedings are initiated within six months after expiration of the stay"), *review denied* (Minn. May 15, 2001). While it is not clear whether the district court relied on our prior caselaw, this caselaw was superseded when the legislature amended section 609.14. 1993 Minn. Laws ch. 326, art. 10, § 14, at 2096.

■ Additionally, we consider Sagataw's argument that the district court was au-

thorized to dismiss Sagataw's probation violation proceedings. Dismissal is authorized under rule 27.04 "[i]f the court finds no violation of the conditions of probation." Minn. R. Crim. P. 27.04, subd. 3(2)(a). At Sagataw's hearing, she admitted the violation and the district court made no contrary finding. More fundamentally, the district court's dismissal was based on the timing of Sagataw's revocation hearing. But the statutory language is explicit: "The proceedings to revoke the stay *shall not* be dismissed on the basis that the summary hearing is conducted after the term of the stay or after the six-month period." Minn. Stat. § 609.14, subd. 1(c) (emphasis added). This language removes the district court's discretion to dismiss revocation proceedings because the hearing is held after the defendant's stayed sentence has expired. *See* Minn. Stat. § 645.44, subd. 16 (2014) (stating " '[s]hall' is mandatory"). Thus, the district court erred in dismissing Sagataw's revocation proceedings. Parenthetically, we note that dismissal may be appropriate for reasons not raised by these parties, such as whether the hearing is conducted within a reasonable time. Minn. R. Crim. P. 27.04, subd. 2(4)(a). Because the issue in this appeal is limited to the district court's jurisdiction, we do not consider other grounds for dismissal of revocation proceedings.

 Finally, we consider Sagataw's argument that the district court had discretion to discharge her from probation. While a defendant generally is discharged from probation six months after a stayed sentence has expired, we agree with Sagataw that a district court has discretion to discharge a defendant from probation at an earlier time. Minn. Stat. § 609.135, subd. 2(f) (2016) ("The defendant shall be discharged six months after the term of the stay expires, unless the stay has been revoked or extended . . ., or the defendant has already been discharged."). Here, the district erroneously concluded it lacked jurisdiction to conduct revocation proceedings, thus it failed to exercise any discretion regarding the consequences of Sagataw's admitted probation violation. *See Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98–99 (Minn. App. 2009) (stating misapplication of the law is an abuse of discretion); *see also State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984) (remanding to district court because district court failed to exercise discretion when it, without considering all relevant factors, stated "there [was] no justifiable reason to deviate" from the presumptive sentence). Because the district court discharged Sagataw based on an erroneous legal conclusion, we conclude that the court abused its discretion.

## DECISION

Because the state timely and properly initiated probation revocation proceedings against Sagataw based on alleged violations that occurred during her stayed sentence, the district court had jurisdiction to conduct a revocation hearing after her stayed sentence had expired, we reverse the district court's decision and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**